21 F.3d 429
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerri K. McPHERSON, Defendant-Appellant.
 No. 93-6172.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1994.
 
 Before: KENNEDY and GUY, Circuit Judges, and FEIKENS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Jerri K. McPherson appeals her conviction and sentence for intentionally obstructing, resisting, and interfering with a United States Secret Service Agent, while the agent was providing protective services for former First Lady Barbara Bush, in violation of 18 U.S.C. Sec. 3056(d). Defendant argues that the jury instructions failed to adequately inform the jury of the elements of the crime and that there is insufficient evidence to support her conviction. For the reasons that follow, we affirm the judgment of the District Court.
 
 I.
 
 2
 On October 20, 1992, Mrs. Bush paid a visit to the Bush/Quayle campaign headquarters in Nashville, Tennessee. The United States Secret Service was responsible for providing security for Mrs. Bush during the visit. On the same day, Veria Wolf, defendant's mother, arrived at the headquarters to inquire about her voter's registration card. Once inside the building, Wolf was told by an agent that she had to leave and was escorted out of the building. Wolf became upset and upon returning to her home told defendant that she had been treated poorly and manhandled.
 
 
 3
 Defendant and her sister set out to discover what had happened to their mother and proceeded to the Republican headquarters. At this time, Mrs. Bush was greeting well wishers on the east side of the building. Defendant, who approached the building from the west, claims that she was unaware of the First Lady's visit. Before they could enter the building, Alcohol, Tobacco and Firearms Agent Glenn Anderson told the women that they could not enter the building and asked that they leave the area and go across the street. Defendant told Anderson that she was there to investigate what had happened to her mother. Anderson identified himself and again asked the women to leave the area. When they refused, Anderson radioed Secret Service Agent Bobby Garrett, the site supervisor, for assistance.
 
 
 4
 Agent Garrett repeated Anderson's request for the women to leave the secured area. Defendant protested and insisted she be allowed to speak with someone about the alleged "assault" on her mother. Agent Garrett identified himself as a Secret Service agent and again instructed defendant and her sister to leave the secured area, wait across the street and assured them that the agents would discuss defendant's complaint as soon as the agents' "protectee" left the area. After repeated refusals to leave and continued protest, Agent Garrett placed defendant under arrest.
 
 
 5
 Defendant was named in a one-count information charging that she
 
 
 6
 knowingly and willfully obstruct[ed], resist[ed], and interfere[d] with Bobby J. Garrett, a Federal law enforcement agent of the United States Secret Service while he was engaged in the performance of protective functions relating to Barbara Bush, wife of United States President George Bush, in that JERRI K. McPHERSON did attempt to enter an area secured for Mrs. Bush's protection.
 
 
 7
 In violation of Title 18, United States Code, Section 3056(d).
 
 
 8
 Joint App. at 8. Defendant pled not guilty to the charge. Following a one-day jury trial, defendant was found guilty of the crime. The court sentenced defendant to one year of probation, sixty-four hours of community service and ordered her to pay a $25.00 special assessment. Defendant timely appealed.
 
 II. Jury Instructions
 
 9
 Where an objection is made to a given instruction or the refusal to give a requested instruction, "[w]e review jury instructions as a whole to determine whether they fairly and adequately submitted the issues and applicable law to the jury. 'It is not error to fail to use the language requested by the parties if the instruction as given is accurate and sufficient.' " United States v. Williams, 952 F.2d 1504, 1512 (6th Cir.1991) (citations omitted) (quoting United States v. Horton, 847 F.2d 313, 322 (6th Cir.1988)).
 
 
 10
 Defendant alleges that the District Court failed to adequately instruct the jury on the elements of the charged crime. The court instructed the jury as follows:
 
 
 11
 In order to establish the offense prohibited by this statute[1], the government must prove beyond a reasonable doubt, first, (a), that the defendant Jerri K. McPherson obstructed, resisted and interfered with Bobby J. Garrett, (b), that Mr. Garrett was at the time a federal law enforcement agent, who was, (c) engaged in the performance of protective functions relating to Barbara Bush; and second, that the defendant did so knowingly and willfully.
 
 
 12
 A person acts knowingly if that person acts consciously and with awareness and comprehension and not because of ignorance, mistake or misunderstanding or other similar reason.
 
 
 13
 A person acts willfully if that person knowingly performs an act, deliberately and intentionally as contrasted with accidentally, carelessly or unintentionally.
 
 
 14
 In order to satisfy this element of the offense you must find beyond a reasonable doubt that Ms. McPherson knew Mr. Garrett was a law enforcement officer engaged in the performance of protective functions and that she acted intentionally.
 
 
 15
 Tr.Vol. II at 235 (as quoted in the United States' Brief at 8).
 
 
 16
 Defendant contends that these instructions misstate the intent element of the crime. She requested an instruction that would have required the United States to prove that defendant intended to interfere with the agent's protective function and not simply that defendant intended to interfere with an agent who was performing a protective function, as permitted under the given instructions.
 
 
 17
 A court's refusal to deliver a requested instruction is reversible only if that instruction (1) is legally correct; (2) is not substantially covered by the actual charge; and (3) so central to the trial that the failure to include it seriously damages the defendant's defense. Williams, 952 F.2d at 1512. The instructions given correctly and adequately defined the elements of the offense charged. As we read it, section 3056(d) criminalizes the knowing interference with a federal agent who is carrying out a protective function; there is no requirement of intentional interference with the specific protective function being performed. The District Court committed no error in refusing to give the requested instruction.
 
 III. Sufficiency of the Evidence
 
 18
 When faced with a challenge to the sufficiency of the evidence, we must decide "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Testimony at trial clearly established that both agents Anderson and Garrett identified themselves as federal law enforcement officers. The agents asked defendant to leave for security reasons. They told defendant that she was in a secured area. There was some evidence that she was told that Barbara Bush was there. Joint App. at 56. The agents told defendant that after their protectee left and their protective services were no longer needed, they would discuss the incident involving her mother. Thus, a jury could find that defendant knew she was resisting federal agents who were engaging in a protective function. Finally, there was ample testimony that defendant refused to comply with the agents' requests to leave the secured area.
 
 
 19
 Defendant also contends that there was insufficient evidence to convict her of the crime as charged in the information. Count I charges defendant with violating the statute by attempting to enter an area secured for Mrs. Bush's protection. Defendant argues that because she was already in a secured area, she cannot be convicted of attempting to enter a secured area. This argument fails because defendant was attempting to enter the building, which along with the curtilage of the building was a secured area.
 
 IV.
 
 20
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 21
 FEIKENS, Senior District Judge, concurring in the result.
 
 
 22
 I write separately because I agree with McPherson that section 3056(d) of Title 18 requires the United States to prove that she intended to interfere with the agent's protective function.
 
 
 23
 The majority opinion implicitly holds that the "engaged in the performance of [a] protective function" language is merely a jurisdictional requirement. I disagree. The focus of section 3056 is on the protection of the President and his family; it stands to reason that the criminal provision would only prosecute those who intended to interfere with the U.S. Secret Service's protective function. The "protective function" is an element of the offense. Cf. United States v. Schankowski, 782 F.2d 628, 632 (6th Cir.1982) (holding that to be culpable for interfering with the mail, the government must show that the defendant knew that the stolen checks in her possession had been taken from the mail). See generally Model Penal Code Secs. 1.13(10), 2.02(4) (1985).
 
 
 24
 I nevertheless agree with the court's result because I think the jury instructions in this case were adequate. Further, given the evidence, the jury could reasonably have concluded that the defendant knew that the agents were engaged in a protective function.
 
 
 
 *
 The Honorable John Feikens, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Section 3056(d) provides:
 Whoever knowingly and willfully obstructs, resists, or interferes with a Federal law enforcement agent engaged in the performance of the protective functions authorized by this section or by section 1752 of this title shall be fined not more than $1,000.00 or imprisoned not more than one year, or both.
 18 U.S.C.A. Sec. 3056(d) (West 1985).